# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT W. BIRDWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STANLEY GLANZ, in his personal ) <br> capacity; ) <br> VIC REGALDO, SHERIFF OF ) <br> TULSA COUNTY, in his official capacity; ) <br> BOARD OF COUNTY ) <br> COMMISSIONERS OF TULSA COUNTY; ) <br> ARMOR CORRECTIONAL HEALTH ) <br> SERVICES, INC.; ) <br> NURSE CUNNINGHAM; ) <br> and JOHN ABRAHAM, M.D., ) <br> ) <br> Defendants. ) | Case No. 15-CV-304-TCK-FHM |

## **OPINION AND ORDER**

Before the Court is the Motion to Dismiss Third Amended Complaint ("TAC") Against Board of Tulsa Commissioners of Tulsa County ("BOCC") For Failure to Comply With Title 12, Oklahoma Statutes, Section 19.1 (Doc. 75).

In this motion, BOCC argues that the single claim asserted against it for medical negligence must be dismissed because Plaintiff failed to attach to its TAC an affidavit stating that Plaintiff: (1) consulted and reviewed the facts of his claim with a medical expert; (2) obtained a written report from a qualified expert concluding that the facts support a finding of negligence; and (3) concluded that his claim is meritorious and based on good cause. *See* Okla. Stat. tit. 12, § 19.1 ("§ 19.1"). The parties' briefs raise two legal issues: (1) is § 19.1 constitutional, in light of an Oklahoma Supreme Court case striking down a former version of this law, *see Wall v. Marouk*, 302 P.2d 775 (Okla. 2013); and (2) if the Court predicts § 19.1 will be upheld by the Oklahoma Supreme Court, is it a

substantive rule that applies in federal court or a procedural rule that gives way to Federal Rule of Civil Procedure 8, *compare Norman v. U.S. ex rel. Veteran's Admin. Med. Ctr.*, No. CIV-12-663-C, 2013 WL 425032, at *1 (W.D. Okla. Feb. 4, 2013) (holding that affidavit requirement was substantive and therefore applied in federal court) *with Sanders v. Glanz*, 138 F. Supp. 3d 1248, 1261 (N.D. Okla. 2015) (holding that affidavit requirement was procedural and therefore did not apply in federal court).

This case has proceeded well beyond the pleading stage. On February 17, 2017, the Court denied Plaintiff's motion for extension to file its expert report. The Court ordered BOCC to file a notice as to whether, upon receipt of Plaintiff's expert's report, its motion to dismiss based on § 19.1 became moot. BOCC filed a Notice (Doc. 100) attaching the expert report of Dr. Stephen Wilson, which Plaintiff produced on the date required by the Court. In the Notice, BOCC informed the Court that its motion to dismiss was not moot because Plaintiff's expert's report, which is not sworn or dated, did not meet the requirements of § 19.1.

For purposes of this motion, the Court assumes without deciding that § 19.1 will be deemed constitutional and is a substantive rule that applies in federal court. The Court finds that the expert report attached as Exhibit A to the Notice (Doc. 100) indicates that Plaintiff has the ability to comply with § 19.1 if given the opportunity to do so out of time. Dr. Wilson's report goes beyond the three requirements in § 19.1 and provides BOCC with assurance that Plaintiff's claim is supported by medical expert testimony. The Court finds it is in the interest of justice to permit Plaintiff to file an affidavit out of time that complies with § 19.1.

BOCC's Motion to Dismiss (Doc. 75) is DENIED. Plaintiff must file a signed, dated affidavit that complies with § 19.1 no later than five days from the date of this Order. The affidavit may refer to the expert findings of Dr. Wilson set forth in his expert report. The Court will deem such affidavit timely filed for purposes of § 19.1.

**SO ORDERED this 29th day of June, 2017.**

**TERENCE KERN**
**United States District Judge**